UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIE JAMES BUSH, JR.,   Case No. 1:13-cv-417
    Plaintiff,

                                                        Beckwith, J.
    vs                                                 Bowman, M.J.

UNITED STATES, et al.,   REPORT AND
    Defendants.   RECOMMENDATION

Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint alleging a violation of his federal constitutional rights. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against the United States; the United States Clerk of Court for the Southern District of Ohio in Cincinnati; Senior United States District Court Judge Herman J. Weber; United States Magistrate Judge Karen L. Litkovitz; the United States Attorney for the Southern District of Ohio; and the United States Attorney General. (*See* Doc. 1, Complaint, p. 2). The complaint contains the following allegations:

> My claim started on June 13, 2013, when I filed a motion to remove Mag. Judge MJ. Litkovitz from Civil No. 1:13CV384 and Civil No. 1:13CV406. Mag. Judge Karen L. Litkovitz removed herself from the Civil No. 1:13CV384, but did not from Civil No. 1:13CV406! That's one of the reason[s] why I'm filing a lawsuit against her and the Clerk of Court, in the Potter Stewart Courthouse in Cincinnati, Oh, because the Clerk's Office needs to update their software to pickup names of federal judges and assign[] them to the appropriate judge that's not "IN CONFLICT WITH THE CASE" ASSIGNED BY THE COMPUTER IN THE CLERK OF COURTS' OFFICE! Second reason, Mag. Judge Karen L. Litkovitz and Senior Judge Herman J. Weber, refused to grant me relief when I requested it several times, because I'm experiencing financial and medical hardship, and they don't give a dam[n]! Having said that, that's why I'm suing the United States of America! Please note if the next set of judges assigned to my cases, do the same as the first two, I will file a lawsuit against United States of America, because U.S. District Court, Southern District of Ohio, Western Division has failed to establish effective communication with the Plaintiff, on the grounds of discussing "Relief Be Granted" to the Plaintiff! If that don't work, I'll take it to the Supreme Courts! Remember some of these cases are thirty-three years old and bring a high relief! If the judges can't handle that, I suggest you find another profession that you're more accomplish[ed] at! I keep in touch with "The President of The United States of America" about these old claims/cases. . . .

(*Id.*, p. 3). As relief, plaintiff requests damages in the amount of $500,000. (*Id.*, p. 4).

Construing the complaint liberally, it appears that plaintiff is bringing this action for damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against the individual defendants, as well as under the Federal Tort Claims Act (FTCA) against the United States, based on the alleged violation of his constitutional rights by federal

3

court employees and legal staff in the handling and assignment of other prior cases filed by plaintiff with this Court. Although plaintiff has not provided specific information regarding the case in which Judge Weber and Magistrate Judge Litkovitz allegedly refused to grant him relief, this Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records). Upon review of this Court's docket records, it appears that plaintiff is challenging the two judicial officers' handling of a case assigned to their docket, which commenced on February 1, 2013 and is presently pending for ruling on the defendants' motion filed April 30, 2013 to dismiss the complaint for lack of jurisdiction and failure to state a claim; defendants' motion filed May 28, 2013 to strike plaintiff's pleading filed May 23, 2013 responding to defendants' reply brief regarding the motion to dismiss; plaintiff's motion filed May 31, 2013 "to forfeit case to me;" and defendants' motion filed June 3, 2013 to strike plaintiff's May 31, 2013 pleading. *See Bush v. United States, et al.*, Case No. 1:13-cv-76 (S.D. Ohio) (Weber, J.; Litkovitz, M.J.) (Docs. 9, 14, 15, 16).

As an initial matter, plaintiff's allegations fail to state a claim of federal constitutional dimension under *Bivens* or an actionable claim against the United States under the FTCA. Plaintiff has alleged no facts even remotely suggesting a violation of his constitutional or other federal rights has occurred in the handling of his other prior cases filed with this Court.

In any event, to the extent that plaintiff only seeks damages as relief, plaintiff's claims are barred from review by this Court. First, defendants Weber and Litkovitz are entitled to absolute immunity for all actions taken in their judicial capacity in Case No. 1:13-cv-76 in the

4

absence of any allegation even remotely suggesting that they have acted in the complete absence of any jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). As the Supreme Court stated in *Mireles*, 502 U.S. at 11, 13, "judicial immunity is not overcome by allegations of bad faith or malice" or allegations of action taken "in error . . . or in excess of [the judge's] authority."

Second, plaintiff's claim for damages against the Clerk of Court is barred because non-judicial officers "are entitled to a quasi-judicial immunity from claims of damages arising out of their performance of duties closely entwined with the judicial process." *See Gamble v. Whitmer*, No. 3:12CV-P481-H, 2012 WL 4460460, at *2 (W.D. Ky. Sept. 25, 2012) (citing *Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994)) (dismissing civil rights complaint for damages brought against federal judicial employees, including the clerks of court for the Sixth Circuit and a Kentucky district court); *see also McGee v. United States*, No. 1:10cv521, 2010 WL 3211037, at *2-3 (S.D. Ohio Aug. 12, 2010) (Weber, J.) (and numerous cases cited therein) (dismissing complaint for damages that was filed against various employees of the Sixth Circuit, including the Clerk of Court and staff attorneys, as well as against employees of a federal district court in Michigan, because quasi-judicial immunity extended to those persons' actions). In *Rauch*, 38 F.3d at 847 n.5, the Sixth Circuit noted that absolute judicial immunity has been extended to non-judicial officers in the performance of tasks that are integral to the judicial process because, as the Supreme Court has recognized, government officials need "to be able to make impartial decisions without the threat of personal liability for actions taken pursuant to their official duties."

In the instant case, plaintiff's claim against the Clerk of Court is based on allegations that the Clerk's Office improperly assigned two of his cases (Nos. 1:13-cv-348 and 1:13-cv-406) to the docket of Magistrate Judge Litkovitz. Plaintiff's allegations clearly pertain to the

performance of tasks within the jurisdiction of the clerk's office that were judicial in nature.  *Cf. Gamble, supra*, 2012 WL 4460460, at *2 (dismissing complaint alleging impropriety in the handling of his case by clerk's office personnel); *McGee, supra*, 2010 WL 3211037, at *2-3 (and cases cited therein) (dismissing complaint alleging the clerk of court defendants, among things, "issued improper orders"); *see also Odom v. Martin,* No. 99-6208, 2000 WL 1176883, at *2 (6th Cir. Aug. 11, 2000) (in affirming dismissal of complaint as frivolous on the basis of lack of subject matter jurisdiction, the Sixth Circuit stated that the defendant Clerk of Court was "entitled to immunity because he simply followed [the judge's] instructions and carried out [the judge's] judicial functions by entering a court order in his capacity as court clerk").  Therefore, plaintiff is unable to prevail on any claim for damages against the Clerk of Court.

   Third, to the extent that plaintiff seeks to hold the United States government liable for damages under the FTCA for the alleged mishandling of his complaints filed with this Court, his claim is barred by judicial immunity.  Section 2674 of the FTCA provides in pertinent part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

28 U.S.C. § 2674.   In this case, the United States is entitled to judicial immunity under the FTCA because, as discussed above, the defendant judicial officers and Clerk of Court, whose alleged actions form the bases of his claims, are immune from suit.  *Cf. McGee, supra*, 2010 WL 3211037, at *3 (and cases cited therein).

   Finally, plaintiff has alleged no facts in the substance of his complaint against the United States Attorney General or the United States Attorney for the Southern District of Ohio.  Even assuming that the complaint contains allegations against the two remaining defendants, presumably based on their representation of the federal entities and officers named as defendants

6

in plaintiff's other cases, such allegations would be insufficient to give rise to an actionable claim for damages against either the United States Attorney General or the United States Attorney for the Southern District of Ohio based on conduct taken within the scope of their legal advocacy duties in defending against plaintiff's complaints.

Accordingly, in sum, the undersigned concludes that the instant complaint is subject to dismissal at the screening stage because plaintiff has failed to state a claim upon which relief may be granted.  In so ruling, the Court recognizes that plaintiff has threatened in the complaint that he will bring other lawsuits in the event that he receives an unfavorable ruling in this case, as well as any of his other cases.  The appropriate procedure for challenging rulings is by way of objections to any Order or Report and Recommendation issued by the Magistrate Judge in the case in which such ruling was made and/or appeal to the United States Court of Appeals for the Sixth Circuit from any unfavorable final judgment entry by the District Court.  Plaintiff, therefore, is hereby warned that if he continues to file frivolous lawsuits with this Court challenging the handling of his various cases by this Court, he may be subject to sanctions under Fed. R. Civ. P. 11 as a vexatious litigator.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIE JAMES BUSH, JR.,   Case No. 1:13-cv-417
    Plaintiff,

                                          Beckwith, J.
vs                                      Bowman, M.J.

UNITED STATES, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc